IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA C., individually and<br>on behalf of K.C. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 2:24-cv-06313-CH |
| | : | |
| v. | : | |
| | : | |
| COLONIAL SCHOOL DISTRICT, | : | |
| Defendant. | : | Hon. Catherine Henry |

**MEMORANDUM OF LAW IN SUPPORT OF
COLONIAL SCHOOL DISTRICT'S MOTION TO QUASH
<u>SUBPOENA SEEKING ATTORNEY INVOICES</u>**

Pursuant to Fed. R. Civ. P. 45, Defendant, Colonial School District ("District"), moves to

quash the subpoena directed at non-party American International Group, Inc. ("AIG") seeking

the District's attorneys' fee invoices related to the representation of the District in this matter.

The District's fee invoices have no bearing on Plaintiff's proof to obtain prevailing party fees. In

addition, the information sought includes attorney-client protected information that allowed the

District to prevail on at least half of Plaintiff's claims. Moreover, Plaintiff already has much of

the information because of her counsel's September 2024 Right-To-Know request. Given that

Plaintiff seeks non-relevant and privileged information, her disproportionate request is contrary

to Rule 26(b)(1).

The District respectfully requests that its Motion to Quash be granted.

**I.      BACKGROUND**

Plaintiff filed a Complaint (ECF 1) seeking attorney's fees after narrowly prevailing in a

special education administrative due process hearing. Plaintiff's IDEA[1] administrative Complaint

---

[1]      The Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446, 118
Stat. 2647-2808 (Dec. 3, 2004), 20 U.S.C. §§ 1401-1482.  *See* 20 U.S.C. § 1415(c)(2) (providing
for complaint notice).

Notice claimed private school tuition reimbursement because of the District's alleged failure to offer a FAPE[2] through an IEP.[3]

At the time of the IDEA-mandated <u>pre-hearing</u> resolution meeting[4], Plaintiff's team of attorneys claimed to have incurred $100,000.00 in attorney's fees. The enormity of that number proved to be a barrier to settlement. By the end of the administrative hearing, Plaintiff's claimed attorney's fees exploded to around $300,000.00, an amount untethered from the requirements of a routine hearing.

Ever since the undersigned asked Plaintiff's counsel, David J. Berney, for his firm's fee invoices to substantiate the extraordinary fee demand, he has, in turn, sought the District's counsels' unredacted billing invoices for the entire period of the District's representation in this matter. The District, citing privilege, declined to voluntarily produce the records.

On September 24, 2024, Plaintiff's attorney filed a Right-to-Know[5] ("RTK") request for all documents in the District's possession related to Sweet, Stevens, Katz and Williams, LLP's representation of the District in this matter. While the request was initially denied,[6] the Pennsylvania Office of Open Records ordered the District to produce the records, and the District

---

[2]     *See* 34 C.F.R. § 300.17 (defining a Free Appropriate Public Education).
[3]     *See* 20 U.S.C. § 1414(d) (pertaining to Individualized Education Programs). The IEP is the means for offering a FAPE.
[4]     *See* 20 U.S.C. § 1415(f)(1)(B).
[5]     Pennsylvania's Right-to-Know Law allows any member of the public to seek records maintained by a public entity such as a school district but does not provide for attorneys' fees where that member of the public is an attorney or where the person seeking records hires an attorney. *See* 65 Pa. Stat. §§ 67.101-67.3104.
[6]     The District's Solicitor, Fox Rothschild LLP, addressed all matters related to Plaintiff's RTK requests.

complied.[7] Now Plaintiff seeks to obtain the exact same records that she already has, but this time by subpoena to the District's insurance company. ECF 12-1.

The undersigned, Kalani Linnell, has twice requested that Plaintiff's attorneys provide an offer of proof or cull down the request for the District's attorneys' invoices. *See* Exh. A (Email dated Feb. 11, 2025); Exh. B (Email dated Feb. 26, 2025). On the third attempt, Plaintiff's attorney answered, advising that he would continue to seek information that is completely irrelevant and disproportionate to the case. *See* Exh. C (Email dated Mar. 28, 2025). The undersigned engaged in a phone conference on April 7, 2025 with an attorney from Berney & Sang. As a result of that discussion, it appears that the parties are at an impasse regarding the pending discovery request for legal invoices of District counsel.

## II.    THE SUBPOENA SEEKS IRRELEVANT, PRIVILEGED INFORMATION

Plaintiff's attorneys should not be given unfettered access to information about how an opposing party structures its responses and creates its legal strategy, especially where there is no element of the Plaintiff's claim that requires this information.[8]

### A.    <u>Confidentiality</u>

The information in the District's fee invoices is highly sensitive, both because they reveal client communications and attorney work-product, including business practice and legal strategy. The request is completely outside the bounds of the elements in Plaintiff's cause of action. Therefore, this Court should quash the subpoena seeking that information.

---

[7]    Counsel for Plaintiff has complained that the Solicitor's redaction of the documents is flawed. The District maintains that the redactions are necessary for the exact reasons outlined in this Memorandum.

[8]    The District's counsel serves in both advising and advocacy roles related to special education and other pupil services matters. The firm of Berney & Sang almost exclusively sues Pennsylvania school districts and Sweet, Stevens, Katz and Williams, LLP almost exclusively represents Pennsylvania school districts. The information about the roles and dealings of the attorneys in the invoices may well be used in future cases against other school districts.

**B.    <u>Relevance</u>**

The subpoena seeks information that is irrelevant to Plaintiff's burden of proving that her attorneys' fees were reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Calculating the reasonableness of an hourly rate or time expended requires comparison with attorneys of correlating experience and expertise. Plaintiff's high-rate attorney (reflecting supposed experience) was barred in 1993 while the lead attorney for the District was barred in 2018. Therefore, the information that could be gleaned from such an analysis would be irrelevant to the inquiry about whether the time-on-task was reasonable as it fails to take attorney experience into account.

As to hourly rates, the school district attorneys are paid rates set by taxpayers and insurance companies; the courts, ultimately, set the rates for parent-side attorneys. *See* Exh. D (Unsworn Statement of T. Gilsbach, Esquire).[9]

**C.    <u>Proportionality</u>**

Plaintiff seeks information that is disproportionate to the needs of her case, creating an undue burden and raising the inference that this dogged approach is meant to be an annoyance, or to increase fees on both sides, or both. Berney & Sang already have most of the information through their RTK litigation, lacking only privileged information properly redacted from the RTK response. The subpoena is plainly an effort to harass, to seek privileged material, and to see

---

[9]    Many courts refuse to allow plaintiffs' counsel access defense counsel's fee statements in actions to recover attorneys' fees. *See*, *e.g.*, *Johnson v. Univ. Coll. of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) (district court did not abuse its discretion in quashing plaintiff's subpoena for defendant's counsel's records reflecting total hours, expenses incurred, and fees paid); *Ohio Sealy-Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659 (7th Cir. 1985) ("[W]e hold that the district court did not abuse its discretion by denying the plaintiff's motion to compel discovery of the hours worked by [defendant's] attorneys."); *Canlas v. Eskanos & Adler, PC*, No, 2006 WL 3227873, 2006 U.S. Dist. LEXIS 83111, at *3 (N.D. Cal. Nov. 7, 2006) ("[T]he Court is not satisfied that the time defendants' lawyers spent is a useful measure of the appropriateness of the time plaintiff's attorney spent.").

if AIG's lawyers will redact differently than the Fox Rothschild lawyers who handled the RTK production. Berney & Sang's discovery demand is game-playing to no end of benefit to anyone, patently in violation of Rule 26.

## III.    CONCLUSION

Relentlessly seeking access to the District's attorneys' fee statements, which are completely unrelated to the elements of Plaintiff's underlying claims, is a fishing expedition for irrelevant, privileged information and it continues to erect barriers to settlement by driving up both sides' attorneys' fees even further. Plaintiff's multiple requests for this privileged information and continued targeting of the District through various channels for this irrelevant information must stop.

For all of the above reasons, the District respectfully requests that this Court grant the instant Motion to Quash.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date:  April 9, 2025                      By:         */s/ Kalani E. Linnell*
                                          Kalani E. Linnell - PA 326000
                                          Karl A. Romberger, Jr. - PA 60636
                                          331 East Butler Avenue, P. O. Box 5069
                                          New Britain, Pennsylvania 18901
                                          (215) 345-9111
                                          klinnell@sweetstevens.com
                                          kromberger@sweetstevens.com

                                          *Attorneys for Defendant,*
                                          *Colonial School District*