IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA C., individually and on behalf of K.C. : | | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v.  : | NO.  24-6313 |
| : | |
| COLONIAL SCHOOL DISTRICT : | |
| Defendant. : | |

# ORDER

**AND NOW**, this 27th day of May, 2025, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel is **GRANTED** in part.  Defendant will be required to produce relevant documents as discussed below contemporaneously with its Response to Plaintiff's Motion for Attorney's Fees and Costs on **July 21, 2025**.

2. Defendant's Motion to Quash is **GRANTED**.[1]

---

[1] In connection with its yet-to-be-filed Motion for Attorney's Fees and Costs in this case, Plaintiff has filed a motion to compel Defendant to produce billing records for legal services that Defendant's counsel provided to Defendant in relation to this case.  Plaintiff has also served a subpoena seeking similar documents from Defendant's insurer, American International Group, Inc. ("AIG"), and Defendant has filed a motion to quash that subpoena.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  The parties dispute both whether the billing records are relevant and whether they are protected by attorney-client privilege or the work product doctrine.

All that remains in this case is Plaintiff's forthcoming Motion for Attorney's Fees and Costs, as the parties settled Plaintiff's claim for tuition reimbursement.  Thus, the scope of discovery is limited to information relevant to attorney's fees and costs.  *Davis v. Gen. Accident Ins. Co. of America*, No. 98-cv-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999) ("Because the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, the determination of relevance is within the district court's discretion.").  Discovery on the issue of reasonableness of attorneys' hours and hourly rates is left "to the sound discretion of the district court."  *See Souryavong v. Lackawanna Cnty.*, 159 F. Supp. 3d 514, 543 n.15 (M.D. Pa. 2016).  Whether defense counsel's billing records are relevant for the purposes of a motion for attorney's fees and costs is not well settled in the Third Circuit.  In *In re Fine Paper Antitrust Litig.*, 751 F.2d 562 (3d Cir. 1984), the Third Circuit held that defense counsel fees, when produced *in camera* "for the purpose of enlightening the court as to reasonable hours and hourly rates for comparable lawyers in complex litigation" were relevant, although the Court ultimately held that the district court below did not abuse its discretion in denying the motion to compel production of the records after "[c]onsidering all

the evidence offered on hours and rates, and the likelihood that such discovery would generate inquiries into collateral matters, such as privilege." *Id.* at 587.

Cases following *Fine Paper*, however, have declined to interpret its holding as to relevancy broadly. *See, e.g.*, *Coal. to Save Our Child. v. State Bd. of Educ. of State of Del.*, 143 F.R.D. 61, 64 (D. Del. 1992) ("The Third Circuit Court of Appeals has recognized that evidence of fees and expenditures of other parties *may* be relevant to the issue of the reasonableness of the petitioner's fees . . . .") (emphasis added); *Dee v. Borough of Dunmore*, No. 05-cv-1342, 2013 WL 685144, at *2 (M.D. Pa. Feb. 25, 2013) (same); *Avaya, Inc. v. Telecom Labs, Inc.*, No. 06-2490, 2016 WL 223696, at *5 (D.N.J. Jan. 19, 2016) ("The Third Circuit has stated that the disclosure of fees paid by settling defendants in the underlying litigation *could* be relevant to the reasonableness of the fees requested.") (emphasis added); *Lining v. Temp. Pers. Servs., Inc.*, No. 07-cv-01724, 2008 WL 2309527, at *1 (W.D. Pa. June 2, 2008) ("While the Court does not disagree with the declaration in *Fine Paper* that information such as reasonable hours and hourly rates for 'comparable lawyers' may be relevant and 'arguably even helpful,' the Court finds that additional discovery here would not be helpful in resolution of Defendants' objections."); *Phila. Workforce Dev. Corp. v. KRA Corp.*, No. 09-cv-5261, 2017 WL 11535973, at *1 (E.D. Pa. July 21, 2017) ("Information on an objecting party's legal fees *may* be relevant and helpful during a fee dispute.") (emphasis added).

Courts have further emphasized that defense billing records may have little relevance to a plaintiff's motion for attorney's fees and costs because of the difference in interests and burdens between plaintiffs and defendants. *See, e.g.*, *Souryavong*, 159 F. Supp. 3d at 544 ("[D]efense counsel's time records often bear little relevance to the reasonableness of plaintiff's counsel's time records because cases may often have a greater precedential value for one side over the other, or may involve more complicated legal defenses for one side over the other."); *Samuel v. Univ. of Pittsburgh*, 80. F.R.D. 293, 294 (W.D. Pa. 1978) ("In our judgment, the number of hours required by opposing counsel to defend a claim has little relevance to the reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case. It has been this writer's experience that the number of pre-trial hours which are required to represent a defendant in a civil case greatly exceed the pre-trial time required to represent a plaintiff."); *Lining*, 2008 WL 2309527, at *1 ("However, in the Court's estimation, Plaintiff's proposed discovery requests (designed to reveal hours expended by counsel for the Defendants) will not assist the Court in its determination as to whether the above expended hours are reasonable insofar as counsel for Defendants did not complete comparable work. For example, counsel for Plaintiff prepared a client for a deposition while counsel for the Defendants prepared to take a deposition-the time expended on the latter does not necessarily reflect upon the reasonableness of the time expended on the former."); *Young v. Smith*, No. 07-cv-00854, 2016 WL 11779826, at *2 (M.D. Pa. Aug. 16, 2016) (holding that defense counsel's fee bill was irrelevant where the defendant's primary objection to the plaintiff's motion for attorney's fees was that plaintiff's "exorbitant fees" were "largely self-inflicted").

Thus, some Courts in the Third Circuit have required defendants to produce their billing records only to the extent they correspond with the defendants' objections to plaintiffs' motions for attorney's fees. *See Coal. to Save Our Child.*, 143 F.R.D. at 66 (ordering defendant to produce "information as to the number of hours that each attorney spent on each issue or area relating to this case which is being challenged by defendant"); *Avaya, Inc.*, 2016 WL 223696, at *5 (declining to require the opposing party to produce its fee records but holding that if the opposing party challenged the party seeking fees' billing records, the opposing party would be required to "produce evidence of their reciprocal daily billing records for comparison with respect to all challenged matters"); *Phila. Workforce Dev. Corp.*, 2017 WL 11535973, at *1 ("The rates charged by the defendant's attorneys, and the time spent on various portions of the litigation, are likely to be helpful in deciding whether plaintiff's attorneys' rates and time spent on the same aspects of the litigation were appropriate."). This is what I believe will be most appropriate in this case, because I agree with these prior opinions that defense counsel's billing records are relevant—if at all—only to the extent they can be used to rebut Defendant's specific objections to Plaintiff's time billed as excessive.

I will order Defendant to produce any billing records that correspond to any objections it makes to Plaintiff's forthcoming Motion for Attorney's Fees and Costs. For example, if Defendant were to object to Plaintiff's Motion for Attorney's Fees and Costs because it believed Plaintiff's time preparing for an oral argument was excessive, Defendant would then be required to produce its corresponding records for time spent preparing for that oral argument.

BY THE COURT:

*s/ Catherine Henry*
_____
**CATHERINE HENRY, J.**

---

This is not to say that Defendant's records will necessarily be dispositive of anything when I make a decision on the forthcoming Motion for Attorney's Fees and Costs, because "attorney's fee awards ultimately are awarded at a court's *discretion*." *See John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 558 (3d Cir. 2003) (emphasis in original).

Given that Plaintiff here has not yet filed its Motion for Attorney's Fees and Costs (making this Motion to Compel production somewhat premature, as Plaintiff seems to want to use Defendant's fee records to try to predict what Defendant will oppose in the Motion for Attorney's Fees and Costs), I am unable to order specifically which records Defendant will be required to produce. This means that Defendant will not be required to produce any records until *after* it has reviewed and formed any objections to Plaintiff's Motion for Attorney's Fees and Costs. I thus order Defendant to produce any responsive records contemporaneously with its Response to Plaintiff's Motion for Attorney's Fees and Costs. Defendant may redact non-responsive portions of the documents.

Plaintiff takes issue with the redactions that were applied to the version of Defendant's billing records that Plaintiff received in its Right-to-Know request. Defendant argues that the billing records are protected by the attorney-client privilege and the work product doctrine. "It is generally accepted . . . that 'attorney billing statements and time records are protected by the attorney-client privilege *only* to the extent that they reveal litigation strategy and/or the nature of services performed.'" *See Leach v. Quality Health Servs.*, 162 F.R.D. 499, 501 (E.D. Pa. 1995) (internal citations omitted) (emphasis in original). However, billing records are not generally protected by the work product doctrine. *Id.* at 502. Plaintiff also argues that Defendant has waived any privilege by previously having produced the documents to its insurer. Whether communications with an insurer waive the attorney-client privilege depends on whether the communications were "for the purpose of obtaining legal representation and advice, effectuating the representation, and related matters such as options regarding strategy and settlement." *Dansko Holdings, Inc. v. Benefit Tr. Co.*, No. 16-cv-324, 2017 WL 5593321, at *2 (E.D. Pa. Nov. 21, 2017) (quoting *Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. 271, 283 (W.D. Pa. 2014)). Neither party has fully briefed this issue, nor has either party presented the Court with sufficient information for a *sua sponte* analysis. I therefore decline to hold that Defendant has waived privilege at this time. Defendant is thus directed to redact responsive portions of the documents for privilege only to the extent any line items on the bill are truly protected by the attorney-client privilege. To the extent Plaintiff takes issue with redactions, Plaintiff may petition this Court for an *in camera* review of the unredacted documents to evaluate privilege.

I also grant the Motion to Quash the subpoena directed to AIG. As discussed above, I find that much of the information in the subpoenaed documents would be irrelevant to what is left of the case, making them outside the scope of discovery. Further, the Court "must limit the . . . extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C)(i). As I am ordering Defendant to produce the relevant documents itself, I find that the subpoena directed to AIG is unreasonably duplicative, and the documents can be obtained from a more convenient source—Defendant. *See Seven Z Enters., Inc. v. Giant Eagle, Inc.*, No. 17-cv-740, 2020 WL 7240365, at *3 (W.D. Pa. Mar. 6, 2020) ("Certainly, no rule compels a litigant to seek relevant discovery from a party before requesting that information from a nonparty . . . but that does not render null the requirements of Rule 26(b)(2)(C).") (internal citations omitted). That being said, in the event Plaintiff is unsatisfied with Defendant's production of documents within the scope of relevancy, Plaintiff may seek to re-serve the subpoena upon AIG.