IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA C.**, individually and on behalf of K.C. : | | |
| Plaintiff, : | | CIVIL ACTION |
| : | | |
| v. : | | NO. 24-6313 |
| : | | |
| **COLONIAL SCHOOL DISTRICT** : | | |
| Defendant. : | | |

# ORDER

**AND NOW**, this 25th day of July, 2025, upon review of Plaintiff's Motion for Protective Order (ECF No. 35), Third Party Community Legal Services' Motion to Quash (ECF No. 37), and the responses and replies thereto, if any, it is hereby **ORDERED** as follows:

    1.    Third Party Community Legal Services' Motion to Quash is **GRANTED**.[1]

---

[1] Pending before the Court is another discovery dispute in this case. On June 20, 2025, Defendant filed a Notice of Subpoena (ECF No. 31) indicating that it intended to serve a subpoena upon non-party Community Legal Services ("CLS"). On July 1, 2025, CLS advised Plaintiff's counsel that it had received service of the subpoena. *See* ECF No. 35 at 1. The subpoena directed CLS to produce a representative for a deposition on July 9, 2025 and sought document production related to the CLS fee schedule. *Id.* On July 2, 2025, Plaintiff filed a Motion for a Protective Order (ECF No. 35) asking the Court to halt the deposition and request for documents. Defendant filed its Opposition (ECF No. 36) on July 3, 2025. On July 7, 2025, the parties informed the Court via email that the deposition was no longer going forward on July 9 due to scheduling conflicts, but that Defendant was not withdrawing its subpoena. Finally, on July 9, 2025, non-party CLS filed a Motion to Quash the subpoena (ECF No. 37).

I will begin with CLS's Motion to Quash. As Local Rule 7.1(c) of the Rules of Civil Procedure for the Eastern District of Pennsylvania allows the Court to grant a motion as uncontested in the absence of a timely response (except as provided by Fed. R. Civ. P. 56), CLS's Motion will be granted. *See, e.g.*, *Schutter v. Herskowitz*, No. 07-cv-3823, 2008 WL 2331365, at *5 (E.D. Pa. June 6, 2008) (holding that the Court did not abuse its discretion in granting a motion as unopposed when the plaintiff failed to timely respond); *Jimbo's Bowling Grp., Inc. v. United States Bowling Cong.*, No. 08-cv-199, 2008 WL 11367897, at *1-2 (M.D. Pa. Sept. 8, 2008) (granting motion as unopposed when plaintiff failed to timely respond).

Although a merits analysis is not required, *see Schutter*, 2008 WL 2331365, at *3, even had Defendant contested CLS's Motion to Quash, I would still grant the Motion. CLS raises three grounds upon which it would have me quash the subpoena: (1) Defendant failed to properly serve the subpoena upon CLS; (2) Defendant has failed to allow a reasonable time to comply with the subpoena; and (3) the subpoena is unduly burdensome and exceeds the permissible scope of discovery. I find the first and third reasons to quash the subpoena persuasive and grant the Motion on those grounds. As to the second reason, CLS argues that it did not have reasonable time to comply with the subpoena because it received the subpoena on July 1, and it set forth a deposition scheduled for July 9. However, the parties

---

have since informed me that due to scheduling conflicts, the deposition is no longer moving forward as scheduled on July 9, so I will not address this argument.

First, service of a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. Proc. 45(b)(1). Here, CLS received the subpoena via Federal Express, in violation of Rule 45's requirements. *See Hamilton v. Radnor Twp.*, 662 F. Supp. 3d 536, 541 (E.D. Pa. 2023) ("[W]hen the served entity is a third-party, personal service is required."). This alone is sufficient grounds to quash the subpoena. *See E. Aaron Enters., Inc. v. WebPlus, Inc.*, No. 07-cv-0585, 2009 WL 10640571, at *2 (E.D. Pa. Mar. 31, 2009).

If improper service were the only ground upon which I were to quash the subpoena, I might grant Defendant leave to properly serve the subpoena upon CLS. *See, e.g.*, *id.* (quashing subpoena due to improper service but instructing subpoenaing party that any future subpoena upon opposing party must be properly served). However, I hold that this subpoena is unduly burdensome on CLS, so it should be quashed for that reason as well.

Under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), a Court *must* quash a subpoena upon timely motion if the subpoena "subjects a person to undue burden." First, the subpoenaing party must show the relevancy of the information sought in the subpoena. *See Frank v. Honeywell Int'l Inc.*, No. 15-mc-0172, 2015 WL 4770965, at *4. In other words, a Rule 45 subpoena must comply with the permissible scope of discovery as set forth by Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Then, the subpoenaed party must show that the requested information is protected under Federal Rule of Civil Procedure 45(d)(3). *Frank*, 2015 WL 4770965, at *4.

Defendant seeks to have CLS produce the following: "CLS fee schedule; Relevant versions of Consumer Price Index; underlying Philadelphia area rate surveys used for creation of CLS Fee Schedule; list of or copies of recent cases (2020-2025) in which the CLS fee schedule was used by the Court to order fee payment to CLS; formulas used to update the CLS fee schedule; documents supporting each fee increase from 2000-2025." *See* ECF No. 31 at 3. It also seeks to depose a CLS agent to testify on the following topics: "CLS Fee Schedule: creation, history, maintenance, publication, application, other related subjects." *Id.*

Defendant's request tows the line of relevancy. It seeks documents underlying a third-party publication that Plaintiff uses in support of its motion for attorney's fees. The connection between the actual issue—Plaintiff's entitlement to attorney's fees—to the requested documents—the support underlying a third party's publication of a suggested fee schedule—is rather attenuated. Not only that, but the CLS schedule is just one of several pieces of support Plaintiff provides in its motion for attorney's fees. It cannot be said that the motion for attorney's fees relies primarily on the CLS schedule, making this request disproportionate to the needs of the case.

"The Third Circuit has upheld district court orders quashing subpoenas due to the responding party's failure to demonstrate the relevance of the desired information." *Moffitt v. Tunkhannock Area Sch. Dist.*, No. 13-cv-1519, 2016 WL 4271773, at *3 (M.D. Pa. Aug. 15, 2016) (collecting cases). And courts have quashed subpoenas that "seek[] information that is only marginally relevant" in attorney's fees matters. *Id.* ("This is not a complicated case involving complex litigation . . . . [T]he issues regarding attorney's fees in this matter are relatively simple."). But even if the Defendant's requests were relevant and I were to proceed to the second step of the analysis, I find that CLS has shown that the requested information is protected under Rule 45(d) because it subjects CLS to undue burden.

    2.    Plaintiff's Motion for Protective Order is **DENIED** as **MOOT**.

**BY THE COURT:**

*s/ Catherine Henry*
_____
**CATHERINE HENRY, J.**

---

When a subpoenaed party claims undue burden under Rule 45(d)(3), the Court considers several factors in determining whether to grant a motion to quash due to undue burden: "(1) relevance of the requested materials, (2) the party's need for the documents, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the recipient's status as a non-party." *Frank*, 2015 WL 4770965, at *4.

As already discussed, the requested materials border on relevancy. The first factor is thus neutral at best. The second factor is also neutral at best, if not weighing in favor of granting the Motion to Quash because, as also previously mentioned, the CLS fee schedule is just one of many pieces of evidence Plaintiff relies on in its motion for attorney's fees. Had Plaintiff solely relied on the CLS fee schedule in its motion, I might find that Defendant has more of a need for its underlying documents, but that is not the case here. The third factor—breadth of the request—weighs in favor of granting the Motion to Quash. Defendant seeks documents dating back 25 years, and presumably all before its opposition to Plaintiff's motion for attorney's fees is due at the end of July. And, as CLS contends, many of the underlying documents are not even in CLS's possession, custody, or control, as it relies on private counsel to "conduct a survey, analyze rates, and calculate the schedule." ECF No. 37-1 at 5. Further, as CLS notes, many of the documents that Defendant seeks are already public, such as the Consumer Price Index and cases. These are all indicators that Defendant's request is overly broad. The fourth factor is the time period covered, which, as already discussed, is 25 years—an excessive amount of time that weighs in favor of quashing the subpoena. The fifth factor is neutral, if not weighing in favor of Defendant, as the documents requested seem to be described with sufficient particularity.

I will consider the sixth and seventh factors together—the burden imposed and CLS's status as a non-party. CLS provides free legal services to low-income individuals in the Philadelphia area, representing almost 13,000 individuals in just the past year. *See* About CLS, https://clsphila.org/about-community-legal-services/. Its mission is "to fight poverty, challenge systems that perpetuate injustice, and change lives through cutting-edge advocacy and exceptional legal representation." *Id.* It can hardly be said that generating its fee schedule—which, according to an explanatory note on its website, "lists the fee schedule used by CLS only in cases in which the law allows for the award of attorney's fees from opposing parties in order to compensate CLS for the legal services provided to its clients"—is among CLS's core missions. *See* Attorney Fees, https://clsphila.org/about-community-legal-services/attorney-fees/. Defendant's subpoena to CLS would divert its valuable resources from its mission to aid those in need to producing documents and attending a deposition that is tangential at best to the case at hand. I thus hold that the sixth and seventh factors weigh in favor of quashing the subpoena.

The Motion to Quash is thus granted as unopposed and on the grounds that "the marginal relevance of the information does not warrant the burden imposed on [CLS] or the court's attention." *See Moffitt*, 2016 WL 4271773, at *4. Plaintiff's parallel Motion for Protective Order is denied as moot.